# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

FIRST 100, LLC, a Nevada limited liability company; and 1ST ONE HUNDRED HOLDINGS, LLC, a Nevada limited liability company,

        Plaintiffs,

  vs.

JOHN LASALA, an individual; IAN HAFT, an individual; JAMIE MAI, an individual; CHA SOLUTIONS INC., a foreign corporation; CORNWALL CAPITAL MANAGEMENT LP, a foreign corporation; DOES I through X; and ROE ENTITIES I through X, inclusive,

        Defendants.

Case No.: 2:14-cv-01460-GMN-CWH

**ORDER**

Pending before the Court is the Motion to Declare Ex-Parte Temporary Restraining Order Void (ECF No. 5) filed by Defendant John Lasala ("Defendant Lasala"). Plaintiffs First 100, LLC and 1st One Hundred Holdings, LLC (collectively, "Plaintiffs") filed a Response and Countermotion to Extend Temporary Restraining Order (ECF Nos. 17–18), and Defendant Lasala filed a Reply (ECF No. 21).

## I.    BACKGROUND

This action was originally filed in state court and removed to this Court on September 10, 2014, by Defendant Lasala, with the joinder of Defendants Ian Haft, Jamie Mai, Cha Solutions, Inc., and Cornwall Capital Management LP (collectively, "Defendants"). (*See* Pet. for Removal, ECF No. 1; *see also* Notice, ECF No. 4). An *ex parte* TRO was originally issued in state court on September 4, 2014, and a hearing on Plaintiffs' Motion for Preliminary Injunction was scheduled in state court on September 17, 2014. Because Defendant Lasala

removed the action to this Court before September 17, 2014, the state court did not have an opportunity to hear Plaintiffs' Motion for Preliminary Injunction. After removal, Defendant Lasala filed the instant Motion to Declare Ex-Parte Temporary Restraining Order Void (ECF No. 5), asserting that the *ex parte* TRO issued in state court is void because "Plaintiffs failed to comply with Nevada law in exacting and/or posting the mandatory bond prior to filing the TRO." (Def.'s Motion 1:20–24, ECF No. 5). On the other hand, Plaintiffs' filed a Countermotion to Extend Temporary Restraining Order (ECF No. 17), requesting that the Court "extend the temporary restraining order until Plaintiffs' motion for preliminary injunction may be heard." (Pls.' Countermotion 4:1–2, ECF No. 17). During the pendency of both motions, Defendants Ian Haft, Jamie Mai, Cha Solutions, Inc., and Cornwall Capital Management LP were voluntarily dismissed from the action, and Defendant Lasala is the sole remaining Defendant in the action. (Notice, ECF No. 23).

## II. DISCUSSION

The Court recognizes that Nevada Rule of Civil Procedure 65(b) addresses temporary restraining orders, which have been issued without notice by the state court, as is the case here, and provides exceptions for when those TROs may be extended:

> shall expire by its terms within such time after entry, not to exceed 15 days, as the court fixes, **unless within the time so fixed** the order, for good cause shown, is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period.

Nev. R. Civ. P. 65(b) (emphasis added). Thus, a plaintiff may request an extension before the expiration date of a temporary restraining order.

Here, the *ex parte* TRO was issued on September 4, 2014, and Plaintiffs' posted bond on September 9, 2014. At the latest, the *ex parte* TRO expired on September 24, 2014—fifteen days after Plaintiffs' posted bond. After September 24, 2014, the *ex parte* TRO was expired

and the Court was unable to grant an extension. Plaintiffs' did not request an extension until October 2, 2014. Therefore, the request for extension was untimely, and the Court must deny Plaintiffs' Countermotion.

Accordingly, in light of the dismissal of all defendants except Defendant Lasala, the Court orders that Plaintiffs' show cause as to whether it still wishes to be heard on its Preliminary Injunction Motion. If so, Plaintiffs' may renew its Motion, and the Court will set a briefing schedule and set the Motion for hearing.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Lasala's Motion to Declare Ex-Parte Temporary Restraining Order Void (ECF No. 5) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiffs' Countermotion to Extend Temporary Restraining Order (ECF No. 18) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' show cause as to whether it still wishes to be heard on its Preliminary Injunction Motion. Plaintiffs' shall have 14 days from the date of this Order to file a response brief with the Court, not to exceed 5 pages.

**DATED** this 13th day of March, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge