UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FIRST 100, LLC, a Nevada limited liability company; and 1ST ONE HUNDRED HOLDINGS, LLC, a Nevada limited liability company,<br><br>            Plaintiffs,<br><br>   vs.<br><br>JOHN LASALA, an individual; IAN HAFT, an individual; JAMIE MAI, an individual; CHA SOLUTIONS INC., a foreign corporation; CORNWALL CAPITAL MANAGEMENT LP, a foreign corporation;<br><br>            Defendants. | Case No.: 2:14-cv-01460-GMN-CWH<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss (ECF No. 66) filed by pro se Defendant John Lasala ("Defendant"). Plaintiffs First 100, LLC ("First 100") and 1st One Hundred Holdings, LLC (collectively, "Plaintiffs") filed a Response and an Errata to the Response. (ECF Nos. 71, 78). Defendant did not file a Reply.

This case arises out of an alleged breach of contractual and fiduciary duties by Defendant during his time as an officer for Plaintiffs. Originally, Plaintiffs filed this action in state court, and Defendant removed it to this Court on September 10, 2014.[1] (*See* Pet. for Removal, ECF No. 1). An *ex parte* TRO was originally issued in state court on September 4, 2014, and a hearing on Plaintiffs' Motion for Preliminary Injunction was scheduled in state court on September 17, 2014. Because Defendant removed the action to this Court before

---

[1] Defendant was originally joined by the co-defendants in this case, but all of these co-defendants have since been voluntarily dismissed. (ECF No. 23).

1  September 17, 2014, the state court did not have an opportunity to hear Plaintiffs' Motion for
2  Preliminary Injunction.  After removal, Defendant filed a Motion to Declare Ex-Parte
3  Temporary Restraining Order Void (ECF No. 5), and Plaintiffs filed a Countermotion to Extend
4  Temporary Restraining Order (ECF No. 18).  On March 13, 2015, the Court denied both
5  Motions. (ECF No. 24).

6       A related case was removed from state court on January 18, 2016. *First 100 LLC v.*
7  *Omni Financial LLC*, Case No. 2:16-cv-00099-RFB-CWH (D. Nev. 2016).  In this separate
8  action, First 100 disputed Omni Financial LLC's ("Omni Financial's") "attempt to acquire First
9  100's assets, including its choses in action." (Pl. Resp. 3:8–11, ECF No. 71).

10       In the instant case, on June 17, 2016, Omni Financial filed a Notice of Transfer of
11  Interest in all of First 100's "right, title and interest in any and all affirmative claims and choses
12  in action asserted by First 100." (Not. 1:20–21, ECF No. 52).  However, on January 23, 2017,
13  Omni Financial filed a Notice of Withdrawal and Release of Notice of Transfer of Interest filed
14  on June 17, 2016. (Not. of Withdrawal, ECF No. 75).

15       Defendant's instant Motion to Dismiss asserts that First 100's "assets were sold. . . .
16  [and] it lost all rights to the pending appeal as these rights were sold at a public auction held on
17  May 25, 2016." (Def. MTD at 1, ECF No. 66).[2]  Defendant argues that the Court "should
18  dismiss the action in its entirety as the Plaintiffs have lost standing given the asset purchase
19  conducted by Omni Financial." (*Id.* at 3).  Plaintiffs respond that "significant changes" have
20  occurred in the related Omni Financial case regarding an "imminent settlement." (Pl. Resp.
21  3:18, 5:7–8).  Plaintiffs also filed an Errata to its Response with Omni Financial's Notice of
22  Withdrawal and Release of Notice of Transfer of Interest as an attachment. (Errata Pl. Resp.

---

[2] It is unclear what "appeal" Defendant is referring to, as this action is properly before the United States District Court.  Plaintiffs assert that these references are because "Defendant's motion a word-for-word copy and paste job of a similar motion filed to the Nevada Supreme Court by another party opponent of First 100 in a separate matter that was on appeal at the time." (Pl. Resp. 3:12–14).

2:1–2, ECF No. 78) (*see also* Not. of Withdrawal).  Plaintiffs contend that this filing "render[s] Defendant['s] motion to dismiss [ECF No. 66] moot in its entirety." (Errata Pl. Resp. 2:5–6).

"[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  As such, to survive a motion to dismiss, plaintiffs bear the burden of alleging sufficient facts to show the existence of each of three elements: injury, causation, and redressability. *Id.* at 560–61.  When analyzing a motion to dismiss for lack of standing, courts must accept the allegations in the complaint as true and construe the complaint in favor of the complaining party. *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011).  Indeed, at the pleading stage, "general factual allegations of injury resulting from the defendant's conduct may suffice" because on a motion to dismiss, courts "presume that general allegations embrace those specific facts that are necessary to support the claim." *Id.* (citing *Lujan*, 504 U.S. at 561).  While the Ninth Circuit in *Maya* differentiated between the standard for dismissal due to standing compared with a 12(b)(6) dismissal under the standards of *Twombly* and *Iqbal*, the Court nonetheless clarified: "This is not to say that [a] plaintiff may rely on a bare legal conclusion to assert injury-in-fact." *Id.*

Here, the Court first notes that Defendant's Motion is untimely.  Dispositive motions were due by April 18, 2016. (*See* ECF No. 38).  Defendant's Motion was filed over eight months past this deadline on December 23, 2016.  However, Defendant's Motion also fails on the merits.

The Court agrees with Plaintiffs that Omni Financial's Notice of Withdrawal and Release of Notice of Transfer of Interest rendered moot Defendant's argument that Plaintiffs' lack standing here.  Defendant asserts that Plaintiffs do not hold the interest to sue in this case because that interest was purchased by Omni Financial.  Defendant cites *Butwinick v. Hepner*, 291 P.3d 119, 121 (Nev. 2012), for the proposition that "judgment creditors may acquire the rights to prosecute litigation in the place and stead of the judgment debtor." (Def. MTD at 4).

However, now that Omni Financial has disclaimed such an interest, Plaintiffs retain the rights and standing in this case. Plaintiffs properly allege an injury, *inter alia*, in the first claim for breach of fiduciary duty against Defendant, which asserts that Defendant "utilized Plaintiffs' confidential and proprietary information to usurp Plaintiffs' corporate opportunities, establish a competing business, and solicit Plaintiffs' clients, employees, and investors all to Plaintiffs' detriment." (Compl. ¶ 60, Ex. A to Pet. for Removal, ECF No. 1-1). Defendant allegedly caused this injury to Plaintiffs, and Plaintiffs satisfactorily allege that the injury can be redressed monetarily by Defendant. (*Id.* ¶¶ 57–64). Therefore, Plaintiffs have sufficiently alleged standing in this case, which has not been assumed or acquired by Omni Financial.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 66) is **DENIED**.

DATED this __15__ day of March, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court